IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGELA MARUCCI,

    Plaintiff,

v.

CROWN ASSET MANAGEMENT, LLC
and D & A SERVICES, LLC,

    Defendants.

CASE NO.

## COMPLAINT

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

### PARTIES

4.    Plaintiff Angela Marucci ("Plaintiff") is a natural person.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant D & A Services, LLC, ("D & A") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      D & A is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant Crown Asset Management, LLC ("Crown") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was directly or indirectly engaged in the business of attempting to collect a debt from Plaintiff.

9.      Crown is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt.

11.     Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Comenity Bank credit card (the "Debt").

12.     D & A uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13.     Crown purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14.     Crown acquired Plaintiff's Debt when it was allegedly in default.

15. Crown retained D & A to collect Plaintiff's Debt on its behalf.

16. Comenity Bank's counsel, Weltman, Weinberg & Reis Co., LPA ("WWR"), sent Plaintiff a collection letter dated March 21, 2014, identifying the balance of the Debt as $1,643.64. *See* March 21, 2014 Letter, attached as Exhibit A.

17. In September 2014, WWR and Plaintiff settled the Debt for $700.

18. Plaintiff paid the $700 as agreed, and the Debt was settled in full.

19. Subsequently, Crown acquired the alleged Debt from Comenity Bank and retained D & A to collect the Debt.

20. On April 21, 2015, D & A sent Plaintiff a letter attempting to collect the Debt on behalf of Crown, asserting the balance of the Debt to be $943.64.

21. A true and accurate copy of the April 21, 2015 Letter is attached to this Complaint as Exhibit B.

22. The April 21, 2015 letter falsely represented the amount of Plaintiff's Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

23. Plaintiff repeats and re-alleges each and every factual allegation above.

24. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)

25. Plaintiff repeats and re-alleges each and every factual allegation above.

26. Defendants violated 15 U.S.C. § 1692e(5) by taking or threatening to take an action that they could not legally take or did not intend to take.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(10)

27. Plaintiff repeats and re-alleges each and every factual allegation above.

28. Defendants violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with collection of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692f(1)

29. Plaintiff repeats and re-alleges each and every factual allegation above.

30. Defendants violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiff not expressly authorized by the agreement creating the Debt or permitted by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 5, 2016

Respectfully submitted,

s/Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
Email: rthompson@consumerlawinfo.com

<u>s/Joseph Panvini</u>
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
Email: jpanvini@consumerlawinfo.com